UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                      :

GERALD HOWARD,
                     Plaintiff,    :

    -against-                  :

THE CITY OF NEW YORK;        :
CARL HENDERSON, JR.,
Civilian,                   :
                    Defendants.
-----------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ___ - 5 MAY 2010

ORDER OF DISMISSAL

08 Civ. 6085 (KMW)

     By order dated January 27, 2010, the Court granted plaintiff leave to submit a second

amended complaint.  Plaintiff filed the second amended complaint on March 2, 2010.  For the

reasons set forth below, the second amended complaint is dismissed.

<u>Discussion</u>

**Private Parties**

     A claim for relief under section 1983 must allege facts showing that each defendant acted

under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.  Private

parties thus are not generally liable under the statute. <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838-42

(1982); <u>Flagg Bros. Inc. v. Brooks</u>, 436 U.S. 149, 155-57 (1978); <u>Moose Lodge No. 107 v. Irvis</u>, 407

U.S. 163, 173 (1972); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970).  Plaintiff alleges that

defendant Carl Henderson told police that plaintiff took Henderson's cell phone and cash and falsely

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

                                                  :

GERALD HOWARD,

                        Plaintiff,    :

    -against-                           :

THE CITY OF NEW YORK;         :
CARL HENDERSON, JR.,
Civilian,                        :
                    Defendants.

------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ___- 5 MAY 2010___

ORDER OF DISMISSAL

08 Civ. 6085 (KMW)

By order dated January 27, 2010, the Court granted plaintiff leave to submit a second amended complaint.  Plaintiff filed the second amended complaint on March 2, 2010.  For the reasons set forth below, the second amended complaint is dismissed.

Discussion

**Private Parties**

A claim for relief under section 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.  Private parties thus are not generally liable under the statute.  Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).  Plaintiff alleges that defendant Carl Henderson told police that plaintiff took Henderson's cell phone and cash and falsely

1

stated that plaintiff threatened Henderson with a knife.[1]  (Sec. Am. Compl. at 10 & Exh. A).  Given that plaintiff alleges that defendant Henderson is simply a complaining witness and private party not acting under color of state law, he has not pleaded a claim under section 1983.  Plaintiff's section 1983 claim against defendant Henderson must therefore be dismissed.   28 U.S.C. § 1915(e)(2)(B)(ii).

**City of New York**

By order dated July 2, 2008, the Court advised plaintiff that in order to sustain a claim for relief under section1983 against a municipal defendant, plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right.  County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell v. Department of Social Servs. of New York, 436 U.S. 658, 690 (1978)); Sarus v. Rotundo, 831 F.2d 397, 400 (2d Cir. 1987).  In his second amended complaint, plaintiff again names the City of New York as a defendant but fails to allege that he suffered any injury as a result of any policy or custom of the City.  Plaintiff's claims against the City of New York are therefore dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

**Leave to Amend**

Plaintiff now has had two opportunities to amend his complaint.  As set forth above, he has

---

[1]The Assistant District Attorney's recommendation for dismissal annexed to the second amended complaint states that plaintiff had consistently stated that he had told Henderson and his friends "that he could get them [fraudulent ID] cards but that they would have to give him money and their cell phones, which he claimed were needed to create the identification cards. [Plaintiff then] entered the store and walked out a back exit, taking their money and cell phones. He said that he routinely perpetrated this scam on tourists and teenagers and that he never robbed anyone with a knife."  (See Compl. at Ex. A).

2

failed to state a claim against either of the defendants named in his second amended complaint. Further leave to amend is unwarranted because any claims he might seek to assert against the police or prosecutors would be meritless. See, e.g., Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (leave to amend is not required where the plaintiff has already been afforded the opportunity to amend)

Turning first to the police, plaintiff fails to allege that the arresting officers did not have probable cause to arrest him. The existence of probable cause is a complete defense to a civil rights claim alleging false arrest or malicious prosecution. See Jaegly v. Couch, 439 F.3d 139, 152 (2d Cir. 2006); Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003); Shain v. Ellison, 273 F.3d 56, 67-68 (2d Cir. 2001). In general, probable cause exists "when the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" See O'Neill v. Town of Babylon, 986 F.2d 646, 650 (2d Cir. 1993). In considering whether there is probable cause for an arrest, courts "must consider those facts available to the officer at the time of the arrest and immediately before it." Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996). "[A] plaintiff is not entitled to damages under § 1983 for false arrest so long as the arrest itself was supported by probable cause, regardless of whether probable cause supported any individual charge identified by the arresting officer. . ." Jaegly, 439 F.3d at 154 (citing Devenpeck v. Alford, 543 U.S. 146, 153 (2004)).

"When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." Curley v. Village of Suffern, 268 F.3d 65, 69-70 (2d Cir. 2001); Miloslavsky v. AES Engineering Soc'y, Inc., 808 F. Supp. 351,

355 (S.D.N.Y. 1992) ("It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth."). Additionally, "[t]he validity of the arrest does not turn on an ultimate finding of guilt or innocence." Miloslavsky, 808 F. Supp. at 354.

In the second amended complaint, plaintiff alleges that the Assistant District Attorney ultimately recommended dismissal of the charges against plaintiff after Henderson recanted the testimony that plaintiff had used a knife. (Sec. Am. Compl. Ex. A). This subsequent recantation does not suggest that the arresting officers lacked probable cause at the time of plaintiff's arrest. Indeed, plaintiff makes no allegation that the arresting officers knew or had any reason to suspect that the statement of the complaining witness that plaintiff used a knife was false. Plaintiff also does not allege that he did not steal Henderson's money or cell phone. Plaintiff therefore fails to state any claim for false arrest.

Plaintiff also fails to state any claim for malicious prosecution. In order to state a claim for malicious prosecution, plaintiff must show (1) that a defendant initiated or continued a prosecution against the plaintiff, (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor. See Posr v. Court Officer Shield # 207, 180 F.3d 409, 417 (2d Cir. 1999). Although plaintiff alleges that the prosecution ultimately terminated in his favor, he makes no allegation that any individual continued the prosecution after learning that the complaining witness had changed his testimony. Such an allegation would not be plausible because plaintiff annexes the Assistant District Attorney's recommendation to the Supreme Court that the prosecution be discontinued. (See Sec. Am. Compl. at Ex. A). Plaintiff therefore would not be able

4

to plead a claim for malicious prosecution because his own pleading shows that the prosecution was abandoned once the complaining witness recanted.

Conclusion

Plaintiff's second amended complaint is dismissed because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
LORETTA A. PRESKA
Chief Judge

Dated: 5 MAY 2010
New York, New York

5